# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN JAMES LOOMIS,<br><br>　　　　Defendant. | Case No. 19-cr-00239 EJD (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: August 1, 2019 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on August 1, 2019, held a detention or release hearing for defendant Justin James Loomis. The Court concluded that Loomis must be detained as a risk of danger to the community.

Loomis is charged in this case by indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a felony. Loomis first appeared and was arraigned on July 29. He is presumed innocent of the charge and nothing in this order may be construed as evidence of his guilt. He appeared at the hearing with his counsel, AFPD Robert Carlin. Loomis was advised of his rights and was advised that he may appeal this detention order to the trial judge.

Both parties presented their factual assertions by proffer. The parties and the Court were assisted by a pre-bail report prepared by Pretrial Services dated August 1. Pretrial

Services recommended detention.

Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determines that the prosecution has shown by more than clear and convincing that there is no combination of conditions that will reasonably assure the safety of the community. The facts underlying this conclusion are the lengthy criminal conviction record of Mr. Loomis, including in the last 5 years felony burglary, felony vehicle theft, three misdemeanor drug convictions, and four community supervision violations. As to risk of non-appearance, the Court concludes that a combination of conditions could be imposed to mitigate the risk of non-appearance.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 5, 2019

Nathanael M. Cousins
United States Magistrate Judge